IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-02162-M-RJ

ERICK ALEJANDRO LOZANO,              )
                                     )
          Petitioner,                )
                                     )
v.                                   )          ORDER
                                     )
FEDERAL BUREAU OF PRISONS, et al.,   )
                                     )
          Respondents.               )

On July 8, 2025, Erick Alejandro Lozano ("petitioner"), then a federal inmate, filed *pro se*

a petition for a writ of habeas corpus under 28 U.S.C. § 2241, Pet. [D.E. 1], and a motion for a

temporary restraining order ("TRO"), Mot. [D.E. 3]. The court allowed the action to proceed.

Order [D.E. 9]. On December 10, 2025, respondents filed a motion to dismiss the petition, Mot.

[D.E. 14], a memorandum in support [D.E. 15], and a response in opposition to petitioner's motion

seeking a TRO [D.E. 16]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975)

(per curiam), the court notified petitioner about respondents' motion, the response deadline, and

the consequences of failing to respond. [D.E. 17]. Petitioner timely filed a response. [D.E. 18].

Discussion:

Section 2241 empowers the court to grant habeas relief to a prisoner who "is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c).

Petitioner argues the Federal Bureau of Prisons ("BOP") released him to a halfway house

after applying his First Step Act ("FSA") sentence credits, but later returned him to in-prison

custody due to an unresolved immigration detainer, in violation of his due process rights. Pet.

[D.E. 1]. For relief he seeks immediate return to pre-release custody. Pet. Attach. [D.E. 1-1] at 3.

In support of their motion to dismiss, respondents argue, *inter alia*, that petitioner failed to exhaust his administrative remedies before filing this action. See Mem. [D.E. 15] at 8–9.

> Prior to hearing a § 2241 petition, federal courts require exhaustion of alternative remedies, including administrative appeals. See e.g., Boumediene v. Bush, 553 U.S. 723, 793 (2008); Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010). The exhaustion requirement is a prudential restraint, not a statutory requirement. Dragenice v. Ridge, 389 F.3d 92, 98 (4th Cir. 2004). It allows agencies to exercise autonomy and discretion and prevents premature judicial intervention. Darby v. Kemp, 957 F.2d 145, 147 (4th Cir. 1992), rev'd on other grounds sub nom. Darby v. Cisneros, 509 U.S. 137 (1993).

Rodriguez v. Ratledge, 715 F. App'x 261, 265 (4th Cir. 2017) (per curiam) (unpublished).

Successfully exhausting administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (internal citations and quotation marks omitted). "[A] prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Id. at 93.

Failure to exhaust administrative remedies is an affirmative defense that must be pleaded and proved. See Jones v. Bock, 549 U.S. 199, 216 (2007); Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017); Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017).

Although "a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are," Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (citations omitted), exhaustion is mandatory only if the grievance process is "available" to the prisoner, Ross v. Blake, 578 U.S. 632, 642 (2016).

"[A]n administrative remedy is not considered to have been available if a prisoner, through nc fault of his own, was prevented from availing himself of it." Moore, 517 F.3d at 725. Prison

2

grievance procedure is not "available" when: (1) it "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that it becomes, practically speaking, incapable of use"; and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 578 U.S. at 643–44 (citations omitted).

The BOP has a multi-tiered Administrative Remedy Program. See 28 C.F.R. §§ 542.10, et seq. An inmate first seeks informal resolution by filing Form BP-8, and, if unresolved, the inmate must file a formal written "Administrative Remedy Request" (BP-9) within twenty days after the date the basis for the complaint occurred. 28 C.F.R. §§ 542.13, 542.14(a). Within twenty days of the Warden's BP-9 response, an inmate then may file a BP-10 appealing to the Regional Director. 28 C.F.R. § 542.15. Finally, within thirty days of the Regional Director's BP-10 response, the inmate may appeal to the General Counsel by filing a BP-11. Id. If the inmate fails to receive a response within these allotted time frames, including extensions of time, the inmate may treat the absence of a response as a denial and then may appeal to the next level. 28 C.F.R. § 542.18.

Petitioner acknowledges on the face of his petition that he failed to fully exhaust his administrative remedies before filing this action. Pet. [D.E. 1] at 2. Although he asserts exhaustion is "dangerous" because prison "staff will put you in the SHU for any reason," and "futile" because it will take weeks to process any attempt at exhaustion, see Pet. Attach. [D.E. 1-1] at 2–3, petitioner fails to show that the BOP's administrative remedy procedure was "unavailable" to him, cf. Ross, 578 U.S. at 643–44; Moore, 517 F.3d at 725, or establish "exceptional circumstances" to bypass this procedure, cf. Timms, 627 F.3d at 530–31; compare Crum v. Young, No. 5:20-CV-00658, 2021 WL 2434358, at *2 (S.D.W. Va. June 15, 2021) (noting "[d]istrict courts have found that

3

exhaustion should not be excused on the basis that an inmate believes that the length of the exhaustion process will prevent the inmate from receiving a full [halfway house] placement." (citation omitted)), appeal dismissed, 858 F. App'x 59 (4th Cir. 2021) (per curiam) (unpublished), and Mingo v. Bragg, No. CV 9:20-0010-TMC-MHC, 2020 WL 8371203, at *2 (D.S.C. July 28, 2020) ("The First Step Act did not alter the BOP's statutory authority to determine when, or if, a petitioner is placed in an RRC or on home confinement"), report and recommendation adopted, No. CV 9:20-0010-JD-MHC, 2021 WL 327377 (D.S.C. Feb. 1, 2021), with Adepoju v. Scales, 782 F. Supp. 3d 306, 316, 321 (E.D. Va. 2025) (finding a federal inmate's removal from an RRC and return to in-prison custody violated due process and that exceptional circumstances existed to waive the exhaustion requirement).

Because this action is dismissed without prejudice due to petitioner's acknowledged failure to exhaust administrative remedies before filing this action, see Rodriguez, 715 F. App'x at 265, the court need not address respondents' additional arguments in support of dismissal.

Alternatively, both this petition and petitioner's motion seeking a TRO may be dismissed as moot because his relief requested – immediate transfer to pre-release custody – was rendered moot by his intervening release from BOP custody circa February 20, 2026. See BOP Inmate Locator, https://www.bop.gov/inmateloc/ (search by inmate number) (last visited Feb. 24, 2026); accord Caldwell v. Weber, No. CV BAH-21-852, 2024 WL 112011, at *4 (D. Md. Jan. 9, 2024).

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court denies a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

4

Conclusion:

For the above reasons, the court: GRANTS respondents' motion to dismiss [D.E. 14]; DISMISSES WITHOUT PREJUDICE this § 2241 petition for failure to exhaust administrative remedies or, alternatively, as moot; DENIES AS MOOT petitioner's motion for a TRO [D.E. 3]; and DENIES a Certificate of Appealability. The clerk shall close the case.

SO ORDERED this ___24th___ day of February, 2026.

RICHARD E. MYERS II
Chief United States District Judge

5